# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUAN HUY HA,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Case No.  1:13-cv-1588-LJO-MJS<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, and (2) DENYING AS MOOT MOTION FOR STATUS**<br><br>**(ECF Nos. 1 & 5)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552.

Before the Court are (1) the Complaint for screening, and (2) Plaintiff's motion for screening status.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1

1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff claims Defendant U.S. Department of Justice, Executive Office for U.S. Attorneys ("DOJ") improperly withheld from him financial records, relied upon by the government in his criminal fraud prosecution and conviction, and requested in his June 6, 2009 FOIA request. The requested records may show the government falsified evidence in prosecuting him.

## III.   DISCUSSION

### A.    FOIA

"The Freedom of Information Act requires federal agencies to make available requested records and documents unless the documents fall within one of several statutory exemptions for specific categories of material. See *FCC v. AT & T Inc.*, ———, 131 S.Ct. 1177, 1180 (2011). These exemptions are to be narrowly construed. See *FBI v. Abramson,* 456 U.S. 615, 630 (1982).

Under 5 U.S.C. § 552(a)(4)(B):

> On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. . . .

"Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989), quoting *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.*

Plaintiff's Complaint includes the June 6, 2009 FOIA request to the DOJ. (Compl., ECF No. 1 at 56.) It appears the DOJ responded by referring some forty pages of responsive records to the FBI for processing to Plaintiff. (Id., at 58.) Plaintiff's pleading does not reveal what response he received, what records were produced, what records were withheld, and why the response was inadequate. It also is unclear whether he administratively appealed the response and, if so, the result of the appeal. Given these omissions, the Complaint does not allege facts sufficient to state a claim for FOIA relief.

### B.  Motion for Status

This Screening Order responds to Plaintiff's motion for status and thereby renders it moot.

## IV.  CONCLUSIONS AND ORDER

Plaintiff fails to allege facts demonstrating Defendant has improperly withheld requested agency records. The motion for status is moot.

The Court will grant an opportunity to file an amended complaint consistent with the foregoing. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that Defendant has improperly withheld agency records requested under FOIA.   Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. The Complaint (ECF No. 1) is DISMISSED for failure to state a claim to relief under FOIA,

2. Plaintiff's motion for screening status (ECF No. 5) is DENIED because it is moot,

3. Within thirty (30) days from the date of service of this Order, Plaintiff must file a first amended complaint, consistent with this Order, and

4. The failure to comply with this Order may result in dismissal of the action.

IT IS SO ORDERED.

Dated:   May 18, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE