IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THUAN HUY HA,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF JUSTICE/ EXECUTIVE OFFICE FOR U.S. ATTORNEYS,**<br><br>　　　　Defendant. | Case No. 1:13-cv-01588-LJO-MJS<br><br>**ORDER FINDING PLAINTIFF STATES A COGNIZABLE CLAIM AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**<br><br>**THIRTY DAY DEADLINE** |

　　　　On June 18, 2014, Thuan Huy Ha ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed an action under the Freedom of Information Act, 5 U.S.C. § 552. (Compl., ECF 1.)

　　　　Plaintiff's First Amended Complaint is now before the Court for screening.

**I.　　SCREENING REQUIREMENT**

　　　　Title 28 of the United States Code, Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after

1

docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. at § 1915A(b)(1)-(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   PLAINTIFF'S CLAIMS

Plaintiff filed this complaint while in the custody of Taft Correctional Institution. He currently is housed at the United States Residential Reentry Center in Garden Grove, California. Plaintiff names the Executive Office for United States Attorneys ("EOUSA") as

2

the defendant in this action. Plaintiff brings a sole claim under 5 U.S.C. § 552, the Freedom of Information Act ("FOIA").

Plaintiff's allegations are summarized as follows:

Plaintiff submitted a FOIA request on April 9, 2013, asking the government to provide him with copies of 27 records: the nine original billing records of the pharmacy benefit managements companies; the nine original banks statements of Ha Pharmacy and Care Pharmacy; and, Exhibits 1-9 which were based on the 18 previously mentioned records and used in the matter United States v. Ha et al., No. 03-CR-29, (C.D. Cal., Feb. 25, 2004). (See ECF No. 7 at 50-53.) Defendant EOUSA did not respond to Plaintiff's request, and on April 22, 2014 sent Plaintiff a letter confirming that they had yet to respond to the request. Petitioner therefore asserts that over twenty business days have passed since he submitted his request and that based on the delay he has the right to seek recourse by way of filing an action in this Court. Plaintiff asks for an injunctive order compelling Defendant EOUSA to produce the requested records.

### III. ANALYSIS

Under 5 U.S.C. § 552(a)(4)(B):

> On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. . . .

"Under this provision, 'federal jurisdiction is dependent on a showing that an agency has (1) "improperly" (2) "withheld" (3) "agency records."'" U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989) (quoting Kissinger v. Reporters Committee for Freedom of Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Id.).

3

Plaintiff's complaint sets forth when his FOIA request was submitted, where he sent it, what information he sought, the government's failure to respond to it, and why the lack of a response was improper. Plaintiff has stated with specificity the records he requests – trial exhibits from his criminal trial - that presumably remain in Defendant's possession. Plaintiff has provided sufficient basis to seek injunctive relief in this Court.

Accordingly, Plaintiff will be allowed to proceed on his FOIA claim.

## IV.  CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint has stated a cognizable claim under the Freedom of Information Act against Defendant EOUSA.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff shall proceed on his Freedom of Information Act claim against Defendant EOUSA;

2. Service shall be initiated on the following defendant:

The Executive Office for United States Attorneys.

3. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Complaint filed June 18, 2014;

4. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for the Defendant listed above; and

    c. Two (2) copies of the endorsed Complaint filed June 18, 2014;

5. Plaintiff need not attempt service on the Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

4

6. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 11, 2015      /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

5