IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

\

| | |
|---|---|
| THUAN HUY HA,<br><br>          Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE/<br>EXECUTIVE OFFICE FOR U.S.<br>ATTORNEYS,<br><br>          Defendant. | Case No. 1:13-cv-01588-LJO-MJS<br><br>**ORDER TO SUBMIT SERVICE DOCUMENTS OR SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND LOCAL RULES**<br><br>**THIRTY (30) DAY DEADLINE** |

On October 3, 2013, Thuan Huy Ha ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed an action under the Freedom of Information Act, 5 U.S.C. § 552. (Compl., ECF 1.) The Court screened Plaintiff's Complaint on September 11, 2015, found that it stated a claim against the Executive Office for United States Attorneys, and directed Plaintiff to file, on or before October 11, 2015, documents necessary to effectuate service. (ECF No. 9.) According to the Court's docket, the order was returned

as undeliverable. The October 11, 2015, deadline has passed, and Plaintiff has not filed the necessary documents.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's September 11, 2015, Order, despite an October 11, 2015, deadline for doing so. Moreover, because the Court's September 11, 2015, order was returned as undeliverable, it appears Plaintiff's current mailing address is incorrect, and he has not complied with Local Rule 182(f), which provides that "Each appearing … pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …." E.D. Local Rule 182(f).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file the necessary service documents no later than **November 15, 2015**, or show cause as to why his case should not be dismissed for failure to comply with a Court order and Local Rules. Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action;

2. Plaintiff shall forthwith notify the Clerk of this Court if his mailing address has changed and, if so, provide his correct current address.

3.  The Clerk of Court shall send Plaintiff a copy of the Court's September 11, 2015, Order at Plaintiff's mailing address on record.[1]

IT IS SO ORDERED.

Dated:  October 15, 2015         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a Notice of Change of Address, service of documents at the prior address shall be deemed fully effective. E.D. Local Rule 182(f).

3