IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUAN HUY HA,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE/<br>EXECUTIVE OFFICE FOR U.S. ATTORNEYS,<br><br>    Defendant. | Case No. 1:13-cv-01588-LJO-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR A FAILURE TO FOLLOW COURT ORDER** |

On October 3, 2013, Thuan Huy Ha ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed an action under the Freedom of Information Act, 5 U.S.C. § 552. (Compl., ECF 1.) The Court screened Plaintiff's Complaint on September 11, 2015, found that it stated a claim against the Executive Office for United States Attorneys, and directed Plaintiff to file, on or before October 11, 2015, documents necessary to effectuate service. (ECF No. 9.) According to the Court's docket, the order was returned as undeliverable. The October 11, 2015, deadline to submit service documents has

1

passed and on October 16, 2015, the Court issued a second order to submit service documents or show cause why the case should not be dismissed for failure to comply with a court order. (ECF No. 10.) Over thirty (30) days have passed, and according to the Court's docket, the order was returned as undeliverable.

Plaintiff has not responded to the Court's September 14 and October 16, 2015, Orders, despite the thirty day deadlines for doing so. Moreover, because the Court's orders were returned as undeliverable, it appears Plaintiff's current mailing address is incorrect, and he has not complied with Local Rule 182(f), which provides that "Each appearing … pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …." E.D. Local Rule 182(f).

I. **DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey

a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because it does not appear that Plaintiff has made a good faith effort to prosecute this matter. Plaintiff has twice been ordered to provide documents for service, but has not done so. Moreover, he has not provided the Court a correct mailing address, thereby preventing the Court the ability to communicate with the Plaintiff.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would result from non-compliance with the order. (See ECF No. 10.)

## II.  **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party

3

may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: January 14, 2016      /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE

4